UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-775-RJC

| | | |
|---|---|---|
| WILLIAM ROOSEVELT HILL CLOUD, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| UNITED STATES OF AMERICA, et al., | ) ) | |
| Defendants. | ) ) ) | |

**THIS MATTER** comes before the Court on a Motion for Void Judgment and Remand to Vacate for Release by pro se Plaintiff William Roosevelt Hill Cloud. (Doc. No. 23).

Pro se Plaintiff William Roosevelt Hill Cloud is a federal inmate currently incarcerated at Butner Federal Correctional Institution in Butner, North Carolina. On May 4, 2009, Plaintiff was convicted of mortgage fraud conspiracy, mail fraud, bank fraud, money laundering conspiracy, and money laundering in Criminal Case No. 3:06-cr-96. (Crim. No. 3:06-cr-96-FDW-DSC-1, Doc. No. 211). The convictions arose out of Plaintiff's leadership in a mortgage fraud conspiracy from 1999 until 2005. See United States v. Cloud, 680 F.3d 396, 398 (4th Cir. 2012). On January 11, 2010, the Court sentenced Plaintiff to 324 months imprisonment. (Crim. No. 3:06-cr-96-FDW-DSC-1, Doc. No. 240).

In the Complaint filed on October 18, 2012, Plaintiff named as Defendants the United States; Assistant United States Attorneys Kurt Meyers, Michael Savage, and Kenneth Randall; and the Honorable Frank D. Whitney, U.S. District Court Judge. In an Order dated December

1

28, 2012, this Court dismissed all of Plaintiff's claims as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

On August 12, 2013, Plaintiff filed the pending "Motion for Void Judgment and Remand to Vacate for Release," which is in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e) of the Federal Rules of Civil Procedure. With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

In support of his motion, Plaintiff merely restates and extrapolates on the allegations in his original Complaint, and he also appears to bring new allegations that were not in the original Complaint. Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change

2

in the applicable law.  Furthermore, Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him.  See Hill, 277 F.3d at 708.  In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Void Judgment and Remand to Vacate for Release by pro se Plaintiff William Roosevelt Hill Cloud, (Doc. No. 23), is **DENIED**.

Signed: August 28, 2013

Robert J. Conrad, Jr.
United States District Judge